892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Benjamin ODOMS, Plaintiff-Appellant,
v.
James J. GUINAN, Judy Bailey, and Cindy Sweeney, Defendants-Appellees.
 No. 89-15455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 22, 1989.*
Decided Jan. 10, 1990.
 
 Before KILKENNY, WIGGINS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Benjamin Odoms appeals pro se from the district court's dismissal with prejudice of his civil rights action, based on the court's conclusion that the putatively frivolous nature of Odoms' claims failed to confer subject matter jurisdiction on the district court. We review de novo, see Jackson v. State of Arizona, 885 F.2d 639, 640 (CA9 1989) (dismissal of in forma pauperis civil rights action as frivolous), and we affirm.
 
 
 3
 With reference to his claim against Judge Guinan, we note that judges are absolutely immune from civil damage liability for alleged civil rights violations unless they act in the absence of all jurisdiction or perform acts not judicial in nature. Ashelman v. Pope, 793 F.2d 1072, 1075 (CA9 1986) (in banc). Similarly, court clerks enjoy absolute, quasi-judicial immunity from damages for putative civil rights violations "when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankr. Court, 828 F.2d 1385, 1390 (CA9 1987), cert. denied, 108 S.Ct. 2031 (1988). Finally, private parties are not liable in damages for alleged civil rights violations unless it can be shown that they somehow acted under color of state law. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (CA9 1980) (per curiam).
 
 
 4
 Here, even the most sympathetic reading of Odoms' complaint reveals that his claim for damages based on alleged civil rights violations stems from nothing more than the entry of a default judgment in a state court proceeding involving a petition for the annulment of his marriage. Such bald and conclusory allegations are clearly frivolous, and do not avoid being so by having been couched in the language of conspiracy. Cf. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (CA9 1988) ("A mere allegation of conspiracy without factual specificity is insufficient"). See also Jackson, 885 F.2d at 640 ("[A] judge may dismiss [as frivolous in forma pauperis ] claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless' ") ( quoting Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989)).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3