967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William R.T. RIDGWAY, By and Through his father and next
friend, David RIDGWAY; David Ridgway,
individually, Plaintiffs-Appellants,
v.
Clifford F. CORDES, III; Janice Boden; Carol Fuller;
Nancy Swenson; Kathleen S. Mayers; Michael R.
Parker, et al., Defendants-Appellees.
 No. 91-35541.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Ridgway appeals pro se the district court's partial dismissal for failure to state a claim and partial summary judgment in his civil rights action. Ridgway alleged that defendants deprived him of his constitutional rights under the fifth and fourteenth amendments by conspiring to deny him custody of and visitation with his minor son, William Ridgway. We have jurisdiction pursuant to 28 U.S.C. § 1292. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 * Background
 
 
 4
 This action arose out of paternity and custody proceedings brought by Janice Boden, William's mother, in Thurston County Superior Court for the State of Washington. Clifford Cordes, III was Boden's attorney throughout the state court proceedings. Carol Fuller, Thurston County Superior Court Judge, entered an ex parte restraining order giving Boden temporary custody of William and restraining David from interfering with that custody. Richard Hicks, Superior Court Commissioner, appointed Paul Battan as William's guardian ad litem.
 
 
 5
 William was evaluated by play therapist Nancy Swenson, a student intern employed by Children's Home Society. She observed behavior which led her to suspect that William was the victim of child sexual abuse, and reported this to her supervisor and to Child Protective Services ("CPS"), as required by law. Michael Parker, M.D., conducted a physical examination of William, and reported his suspicions of child sexual abuse to CPS, as required by law. Dr. Kathleen Mayers was appointed as a child abuse specialist to investigate and evaluate William for possible sexual abuse.
 
 
 6
 A trial on the original paternity action was held in superior court. The primary issue was the nature and extent of visitation rights to be awarded to Ridgway. Judgment was entered restricting Ridgway's visitation rights with William. Ridgway appealed to the Court of Appeals for the State of Washington.
 
 
 7
 Ridgway then filed this action in district court, alleging violation of 42 U.S.C. §§ 1983 & 1985. Ridgway alleged that defendants conspired to deprive him of his constitutional rights of unrestricted visitation with his son, free association with his family, freedom from gender bias, and freedom from false and biased reporting of unsubstantiated improper conduct to the superior court.
 
 II
 Judicial Immunity
 
 8
 Judges are absolutely immune from section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). An act is judicial when it is a function normally performed by a judge [and the parties] dealt with the judge in his judicial capacity." Id.
 
 
 9
 Public officials are entitled to absolute immunity if they perform functions integral to the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir.1987), appeal dismissed, cert. denied, 486 U.S. 1040 (1988). Court commissioners are entitled to absolute immunity for their official duties which are an integral part of the judicial process. Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1108 (9th Cir.1987). Absolute immunity also applies to state employees responsible for the prosecution of child neglect and delinquency petitions, guardians ad litem, and psychologists and psychiatrists involved in the proceedings. Babcock v. Tyler, 884 F.2d 497, 501-02 (9th Cir.1989), cert. denied, 493 U.S. 1072 (1990).
 
 
 10
 Here, Judge Fuller is entitled to absolute immunity because her acts were judicial and she was not acting in the absence of all jurisdiction. See Stump, 435 U.S. at 356. Hicks, the Superior Court Commissioner, is also protected by absolute immunity because his acts were integral to the judicial process.[1] See Greater Los Angeles Council on Deafness, 812 F.2d at 1108. Battan, the guardian ad litem, and Mayers, the court-appointed psychologist, are entitled to absolute immunity for their role in the investigation of child sexual abuse charges in this case. See Babcock, 884 F.2d 501-02. Thus, the district court correctly found that the claims for damages against these defendants were barred by absolute immunity.
 
 III
 Private Actors
 
 11
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A private person may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights. Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989). The private party must share the common objective of the conspiracy or enter into an agreement with the state actor. Id. Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir.1982); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980).
 
 
 12
 Here, Boden and Cordes are private parties and therefore were not acting under color of state law. See Karim-Panahi, 839 F.2d at 624. Their use of state proceedings to resolve custody and visitation issues did not "cloak[ ] them[ ] with the authority of the state." See Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983). Ridgway failed to show facts raising a triable issue as to whether they engaged in joint action with any state actors. See Taylor, 880 F.2d at 1048. Ridgway merely made conclusory allegations that they conspired to deprive him of his custody and visitation rights. See Ivey, 673 F.2d at 268. Thus, the district correctly granted summary judgment for Boden and Cordes.
 
 
 13
 Parker is a private medical doctor. Parker's affidavits in support of summary judgment show that he was acting in a private capacity when he examined William, he reported his suspicions of child sexual abuse as required by law, and he did not name or implicate Ridgway as the suspected abuser. See Wash.Rev.Code. § 26.44.030. Ridgway did not offer any evidence to refute these facts, nor did he show facts to support an inference that Parker engaged in a conspiracy to deprive him of his constitutional rights. See id. Further, Parker is entitled to statutory good faith immunity from liability for reporting suspected child abuse. See Wash.Rev.Code § 26.44.060. Thus, the district court correctly granted summary judgment for Parker.
 
 
 14
 Swenson is a private therapist who was employed by Children's Home Society, a private agency. Swenson observed William's behavior, suspected child abuse, and notified Ridgway by letter of her suspicions. She then reported the abuse to CPS as required by law. See Wash.Rev.Code § 26.44.030. Ridgway failed to establish any facts showing that Swenson or Children's Home Society engaged in a conspiracy to deprive Ridgway of his constitutional rights. See id. Further, Swenson is entitled to statutory good faith immunity from liability for reporting suspected child abuse. See Wash.Rev.Code § 26.44.060. Thus, the district court correctly granted summary judgment for Swenson and Children's Home Society.[2]
 
 IV
 Procedural Rulings
 
 15
 Ridgway contends that the district court erred by not giving him notice of the deficiencies in his complaint and opportunity to amend. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). We review a district court's denial of leave to amend for abuse of discretion. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).
 
 
 16
 Here, the district court dismissed Ridgway's claims against Mayers for failure to state a claim. Because Mayers was absolutely immune from section 1983 liability, Ridgway could not have cured the defect by amendment. See Babcock, 884 F.2d at 501-02; Noll, 809 F.2d at 1448. Ridgway's claims against the other defendants proceeded to summary judgment. Thus, because the claims were not dismissed for failure to state a claim, the district court did not err by failing to give Ridgway notice and opportunity to amend. See Noll, 809 F.2d at 1448. Further, the district court did not abuse its discretion in denying Ridgway's motions to amend because Ridgway failed to allege any new facts or legal theories that would have saved his action. See Jackson, 902 F.2d at 1387.
 
 
 17
 Ridgway contends the district court erred by granting summary judgment without allowing him opportunity for further discovery. A district court has discretion to deny a Rule 56(f) motion where the party seeking discovery has failed to make a sufficient showing that further discovery would raise a triable issue of fact. Visa Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir.1986). Here, Ridgway did not specify what facts he sought to discover and had already had ample time for discovery. Accordingly, the district court did not abuse its discretion in denying Ridgway further discovery. See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ridgway also asserted a claim for injunctive relief against Hicks. Judicial immunity does not bar claims for injunctive relief in section 1983 actions. Pulliam v. Allen, 466 U.S. 522 541-42 (1984). Nevertheless, this claim is waived on appeal because Ridgway did not raise it in his opening brief. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988). Further, as discussed below, the district court correctly granted summary judgment for all defendants on all Ridgway's claims. Thus, given the district court's disposition of the merits of Ridgway's claims, Ridgway was not entitled to injunctive relief against Hicks
 
 
 [2]
 The judgments for defendants Thurston County, Herbert Fuller, Jane Doe Hicks, and Jane Doe Battan are not raised on appeal and, accordingly, we do not address these issues. See Wilcox, 848 F.2d at 1008 n. 2