967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leroy W. EARP, Appellant,
v.
R. HARRIS, Isolation and segregation law library and
property officer of the Oregon State Penitentiary, Appellee.
 No. 91-35589.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1992.*
Decided July 10, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Earp appeals pro se from the district court's entry of summary judgment in favor of the defendant in this civil rights action. Earp contends that the district court erred by holding that he had not been deprived of his property without due process, by ruling that he had not been denied access to the courts, by failing to file and consider his second amended complaint, and by denying his request for appointment of counsel. We reject these arguments and affirm.
 
 
 3
 With respect to Earp's first contention, the allegations and evidence presented indicate at most that the defendant's actions, though intentional, were random and unauthorized. Because Earp could have sought postdeprivation redress in state court, see Franklin v. Oregon, 662 F.2d 1337, 1345-46 (CA9 1981); Dickens v. Debolt, 288 Or. 3, 12-13, 602 P.2d 246, 251 (1979), he was not deprived of his right to due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 4
 As for Earp's second argument, he complains neither of inadequate law libraries nor inadequate legal assistance, and he failed to allege or show that he suffered any "actual injury" denying him access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1171 (CA9 1989). Having effectively "rest[ed] upon the mere allegations or denials of [his] pleadings," see FRCivP 56(e), Earp cannot be heard to complain that there was a genuine issue of material fact on this issue.
 
 
 5
 Earp's third contention is that the district court erred by failing to file or consider his second amended complaint. In his second amended complaint, Earp sought to add a conspiracy claim against the defendant and to cure any eleventh amendment defects existing in the previous complaint. However, Earp's conspiracy claim was based on vague and conclusory allegations which are insufficient to state a conspiracy claim, see Ivey v. Board of Regents, 673 F.2d 266, 268 (CA9 1982), and the district court did not decide Earp's case on eleventh amendment grounds. Accordingly, any error which might have been committed by the court was harmless. See Sydney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 886 (CA9 1983).
 
 
 6
 Earp finally argues that the district court should have appointed counsel for him to prosecute his action. We disagree. Nothing in this action suggests that the difficulties experienced by Earp were other than those experienced by all pro se litigants. See Wood v. Housewright, 900 F.2d 1332, 1335-36 (CA9 1990). Moreover, Earp's pleadings are comprehensive and clearly articulated, and the issues involved do not indicate any particular degree of complexity. See Burns v. County of King, 883 F.2d 819, 824 (CA9 1989) (per curiam). Finally, Earp failed to allege and show that he was likely to succeed on the merits. See id. There being no showing of "exceptional circumstances" justifying the need for appointed counsel, it cannot be said that the district court abused its discretion by denying the request. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (CA9 1980) (per curiam).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per FRAP 34(a) and CA9 R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 R. 36-3