977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry BISHOP, Plaintiff-Appellant,
v.
Ron ANGELONE; John Iganicio; Carroll Ployher, Defendants-Appellees.
 No. 92-15240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Bishop, a Nevada State prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Prisoners retain their first amendment rights, including the right to free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). A prisoner's free exercise right, however, is necessarily limited by incarceration, and may be curtailed to achieve legitimate penological goals. McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir.1987). A prisoner must be afforded a "reasonable opportunity" to worship in accordance with his or her conscience. Johnson v. Moore, 948 F.2d 517, 520 (9th Cir.1991). In order to satisfy equal protection, "an inmate who is an adherent of a minority religion must be afforded 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.' " Allen v. Toombs, 827 F.2d 563, 569 (9th Cir.1987) (citing Cruz v. Beto, 405 U.S. 319, 322 (1972)).
 
 
 5
 Here, Bishop alleged that prison officials violated his right to freedom of religion and equal protection by denying him, and other African-Americans, Islamic religious services, specifically Jumah prayer services, religious materials, and religious classes. Bishop alleged that this violated 42 U.S.C. §§ 1981, 1983, 1985 and federal and Nevada RICO.
 
 
 6
 Defendants moved for summary judgment and submitted an affidavit stating that Muslim prayer services and religious study occur every Friday between 2:30 and 4:00 p.m., guided by Dr. Essa, an Imam who is the religious sponsor. The affidavit also stated that Muslim inmates have their own Kurans.
 
 
 7
 In his opposition to defendants' motion, Bishop alleged that prayer services were not held every Friday, but rather class meetings only were held. He also alleged that Dr. Essa was not an Imam but an Islamic scholar, and that he only came once or twice a month. He alleged that not all Muslims were given pork free diets or allowed to have Kurans or Kufis.
 
 
 8
 The district court advised Bishop that he was required to support his opposition by filing affidavits or other admissible evidence in compliance with Fed.R.Civ.P. 56(c). Bishop failed to file any affidavits or evidence in opposition to summary judgment, and the district court granted summary judgment.
 
 
 9
 Bishop's allegations, unsupported by affidavits or specific facts, were insufficient to withstand summary judgment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). Thus, the district court correctly found that Bishop had failed to raise a triable issue of fact with regard to his free exercise and equal protection claims. See O'Lone, 482 U.S. at 350-53 (finding no free exercise violation where Jumu'ah prayer service was held every Friday but not all Muslim inmates could attend). Further, Bishop's conclusory allegations of conspiracy were insufficient to establish a violation of 42 U.S.C. § 1985. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (conclusory allegations of conspiracy insufficient to support claim under section 1983 or 1985).[1]
 
 
 10
 Bishop also contends that the district court erred by denying his motion for joinder of additional plaintiffs.[2] We review a district court's ruling on a joinder motion for abuse of discretion. Hughes v. United States, 953 F.2d 531, 541 (9th Cir.1992). Bishop sought to join additional Muslim inmates as plaintiffs pursuant to Fed.R.Civ.P. 19. These additional plaintiffs were not necessary for complete relief to be accorded among the parties. See Fed.R.Civ.P. 19(a)(1); Northern Alaska Envtl. Ctr. v. Hodel, 803 F.2d 466, 468 (9th Cir.1986). Further, although the proposed additional plaintiffs arguably have an interest relating to the subject of the action, it does not appear that their ability to protect that interest will be impaired or that the parties will be subject to double, multiple, or inconsistent obligations due to the absence of the proposed additional plaintiffs. See Fed.R.Civ.P. 19(a)(2); Shimkus v. Gersten Cos., 816 F.2d 1318, 1322 (9th Cir.1987). Thus, the district court did not abuse its discretion by denying Bishop's motion for joinder. See Hughes, 953 F.2d at 541.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dismissal of Bishop's RICO claim was proper because Bishop failed to allege any facts showing a violation of RICO. See 18 U.S.C. § 1961 et seq.; Nev.Rev.Stat. § 207.470. Further, Bishop did not allege any facts implicating 42 U.S.C. § 1981 and, thus, dismissal of this claim also was proper. See 42 U.S.C. § 1981
 
 
 [2]
 The district court ordered this motion held in abeyance until the pending summary judgment motion was decided. The district court then granted summary judgment and entered judgment in the action. Thus, although the district court did not explicitly rule on the joinder motion, we find that the district court implicitly denied the motion