993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby Don LOVE, Plaintiff-Appellant,
v.
Roger CRIST, Central Unit Warden, Defendant,
and
John Avenenti, Deputy Warden; Frank Terry, Chief of
Security, Defendants-Appellees.
 No. 92-16950.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 11, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bobby Love, an Arizona state prisoner, appeals pro se the district court's judgment on the pleadings in favor of defendant prison officials in his 42 U.S.C. § 1983 civil rights action. Love contends that the defendants violated his constitutional rights by segregating him without notification or review and denying him access to the law library. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980). We affirm in part and vacate and remand in part.
 
 
 3
 Judgment on the pleadings is appropriate where "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989). Before the district court dismisses a pro se complaint, the court "must provide the litigant with notice of the deficiencies in his complaint" so that the pro se appellant can have the opportunity to effectively amend his complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992) (citing Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987)).
 
 
 4
 The Supreme Court has held that under the Constitution prisoners do not have a liberty interest in remaining with the general prison population, Hewitt v. Helms, 459 U.S. 460, 468 (1983), and this court has held similarly that Arizona statutes or regulations do not create such a liberty interest, McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986). Ariz.Rev.Stat.Ann. § 31-251(B)(2) (1991) provides that the Director of the Department of Corrections shall ensure that "[n]o prisoner participates in a work assignment that threatens the safety or security" of the prison or the prisoner. This court will allow prison administrators a "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security." Hewitt, 459 U.S. at 472.
 
 
 5
 Love asserts that the prison officials's decision to house him in Cell Block Three of the central unit of the Arizona State Prison Complex at Florence amounted to segregation from other prisoners without appropriate due process. Love, however, fails to show how this "segregation" created a liberty interest that would entail the requirements of due process. See id. at 468; McFarland, 779 F.2d at 1428. Although Love alleges that his segregation prevents him from obtaining a job through the prison "jobs Committee" and that this results in a deprived liberty interest, Love has a job. Prison officials are entitled to deference from the courts in how they ensure the safety of their institutions, see Hewitt, 459 U.S. at 472, which includes which jobs segregated prisoners are eligible to hold. Again, Love has failed to demonstrate that he was deprived of a liberty interest. Accordingly, the district court did not err in granting prison officials judgment on the pleadings, concerning Love's denial of due process. See Hal Roache Studios, 896 F.2d at 1550.
 
 
 6
 Love also alleges that he was denied access to the courts arising from his limited access to the prison law library. Love's complaint failed to provide details concerning this issue and the district court failed to address it specifically. Moreover, the district court failed to explain the deficiencies of Love's complaint or provide the opportunity for Love, who is pro se, to amend the deficiencies. See Ferdik, 963 F.2d at 1261. Accordingly, the district court's dismissal of Love's Section 1983 complaint is vacated in part, and this case is remanded so that the district court may explain the deficiencies in Love's allegations concerning denied legal access.
 
 
 7
 Love seeks to raise for the first time on appeal the issue that his segregation jeopardized his opportunity to earn early release credits. In general, this court will not consider a claim that is raised initially on appeal. Willard v. California, 812 F.2d 461, 465 (9th Cir.1987). This claim is not properly before this court and we refrain from considering it in this appeal.
 
 
 8
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3