29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allison CHAPMAN, Plaintiff-Appellant,
v.
Stephen MCNAMEE; Roger Strand, Defendants-Appellees.
 No. 94-15375.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allison Chapman appeals pro se the district court's dismissal of her 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). Chapman alleges that the defendants, two United States District Court Judges, violated her constitutional rights during the adjudication of Chapman's then pending civil rights actions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 In forma pauperis complaints that are frivolous may be dismissed before service of process under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). Claims against defendants who are immune from suit and claims of infringement of a legal interest which clearly does not exist may be dismissed as legally frivolous. Id. at 327.
 
 
 4
 Here, Chapman alleges that the defendants, United States District Court Judges, acting in their official capacities, improperly adjudicated her civil rights actions against the City of Mesa, Arizona. Chapman seeks monetary relief "so that Plaintiff can hire an Arizona licensed Attorney to represent her in any and all lawsuits against the City of Mesa." Chapman also seeks "declaratory judgment ... stating that persons do have constitutional rights to appointment of counsel when they cannot represent themsel[ve]s."
 
 
 5
 To the extent that Chapman contends that she is entitled to monetary relief for the defendants' actions, we conclude that the defendants are immune from damage liability. Judges "are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc); see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). Chapman seeks monetary damages against the defendants because they, inter alia, denied her motions for the appointment of counsel. Because the defendants were acting in their official capacities when they denied Chapman's request for counsel, they are immune from damage liability. See Stump, 435 U.S. at 355-57; Ashelman, 793 F.2d at 1075. Accordingly, Chapman's claim for monetary relief is legally frivolous. See Neitzke, 490 U.S. at 327.
 
 
 6
 To the extent that Chapman contends that she is entitled to declaratory and injunctive relief, we conclude that she has not alleged the violation of a cognizable legal interest. Chapman contends that she has the constitutional right to the appointment of counsel to assist her in the litigation of her civil rights actions. There is no constitutional right to the appointment of counsel to assist an individual in the litigation of a civil rights action. Lassister v. Department of Social Servs., 452 U.S. 18, 52 (1981); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (1980). Accordingly, Chapman's claim for declaratory and injunctive relief is legally frivolous. See Neitzke, 490 U.S. at 327.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Chapman appeals the denial of her motions for the appointment of counsel in her civil rights actions, we note that an action brought pursuant to 42 U.S.C. Sec. 1983 is not the proper avenue. Courts have the discretion, pursuant to 28 U.S.C. Sec. 1915(d), to appoint counsel in "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). If Chapman wishes to challenge the denial of her motion to appoint counsel, that challenge should be made as part of the action for which counsel was sought