48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kristina SALKA; Ludovit Salka, Plaintiffs-Appellants,
v.
CITY OF LOS ANGELES; Arthur Azdair; Harold Vites, Defendants,
and
Daniel Drake; Linda Paugh, Defendants-Appellees.
 No. 94-55264.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kristina and Ludovit Salka ("the Salkas") appeal pro se the district court's summary judgment for Daniel Drake and Linda Paugh in the Salkas's action brought pursuant to 42 U.S.C. Secs. 1983, 1985(3) and 1986.[1] The Salkas alleged that their neighbors, Drake and Paugh, conspired with members of the Los Angeles Police Department and the City Attorney's Office to conceal a drug manufacturing operation which causes toxic fumes to be released toward the Salkas's house. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, United Steel Workers v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir.1988), and affirm.
 
 
 3
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A private person may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights. Dennis v. Sparks, 449 U.S. 24, 27-8 (1980). The private party must share the common objective of the conspiracy or enter into an agreement with the state actor. Id. Furthermore, "[t]o prove a section 1985 conspiracy between a private party and the government under section 1983, the plaintiff must show an agreement or 'meeting of the minds' by the defendant to violate his constitutional rights." Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir.), cert. denied, 493 U.S. 817 (1989). Mere conclusory allegations of a conspiracy without more, are insufficient to support a section 1983 claim or withstand summary judgment. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1984).
 
 
 4
 The Salkas failed to present any evidence to establish that Paugh and Drake conspired with any member of the Los Angeles Police Department or the City Attorney's Office to violate their constitutional rights. Their conclusory allegations of a conspiracy were insufficient to withstand defendants' motion for summary judgment. See Ivey, 673 F.2d at 268; Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). The Salkas's claims under section 1986 must also fail because section 1986 depends on the existence of a claim under section 1985. See Mollonow v. Carlton, 716 F.2d 627, 632 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). Accordingly, the district court properly granted summary judgment for Paugh and Drake. See United Steel Workers, 865 F.2d at 1543.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Salkas's do not appeal the dismissal of their claims against the remaining defendants