Alvera M. ALDABE, Plaintiff-Appellant,

v.

Charles D. ALDABE et al.,
Defendants-Appellees.

No. 77-3256.

United States Court of Appeals,
Ninth Circuit.

Feb. 28, 1980.

Rehearing Denied April 30, 1980.

Alvera M. Aldabe, pro se.

Evelle J. Younger, Atty. Gen., Sacramento, Cal., Memering, Stumbos, Demers & Ford, Sacramento, Cal., argued for defendants-appellees; John Quincy Brown, Alan G. Perkins, Sacramento, Cal., C. Nicholos Pereos, Reno, Nev., Michael P. Armenis, Sacramento, Cal., on brief.

Before KILKENNY, TANG and SCHROEDER, Circuit Judges.

PER CURIAM:

Appellant Alvera M. Aldabe filed a *pro se* civil rights complaint in federal district court. The complaint alleged that during her protracted divorce proceedings, the seventeen named appellees, including various judges and attorneys involved in the litigation, conspired to deprive her of several constitutional rights. The district court dismissed the action with prejudice on the ground that the complaint failed to state a claim upon which relief could be granted. We affirm.

## I.

We discern from the broad outlines of this litigation the following facts: Appellant and her husband Charles D. Aldabe lived on a large ranch that straddled the

border between Nevada and California. Charles sued for divorce in Nevada Superior Court. Appellant contested the suit, arguing unsuccessfully that the martial domicile was in California and that the Nevada court lacked jurisdiction. There followed a series of appeals and collateral actions in various Nevada and California state courts. The results of the various aspects of the litigation are not entirely clear, but it appears that Charles was awarded the ranch as his separate property. Charles subsequently sold the ranch to appellees Lindquist and Kennedy.

On July 9, 1976, appellant filed a complaint in federal district court initiating the present action. The complaint alleged several causes of action against each of seventeen appellees; Charles Aldabe, Lindquist and Kennedy, and six attorneys and eight judges involved in various aspects of the prior litigation. The claims were based on 42 U.S.C. §§ 1983 and 1985(3), and on 18 U.S.C. §§ 241 and 242. The thrust of most of the claims was that the appellees had conspired to violate Mrs. Aldabe's constitutional rights by keeping her in a state of poverty for the purpose of hindering the effective prosecution of her case. She prayed for $12,000,000.00 in damages and an order invalidating all previous related judgments.

The district court granted the motions of fifteen of the appellees to dismiss the actions against them with prejudice on the ground that the complaint failed to state a claim upon which relief can be granted. The claims against the remaining two appellees were later dismissed, also with prejudice, on the court's own motion. This appeal followed.

On May 26, 1978, this court granted the motion of four of the attorney appellees to dismiss the appeals against them on the ground that appellant had raised no issue on appeal with respect to the four moving parties. Our decision today, therefore, addresses appellant's claims against the remaining thirteen appellees.

---

1. When the 30th day falls on a weekend, the deadline for filing the notice of appeal is extended to the following Monday. F.R.A.P.

## II.

We are met at the outset with the argument that this court lacks jurisdiction because the notice of appeal was untimely. Under F.R.A.P. 4(a), the notice of appeal must be filed with the district court within 30 days of the entry of the judgment or order from which appeal is to be taken. Final judgment, in this case, was entered on May 12, 1977. The notice of appeal was *received* by the district court clerk on June 13, 1977, but not formally *filed* until June 28, 1977. Because an appellant has no control over delays between receipt and filing, a notice of appeal is timely filed if received by the district court within the applicable period specified in Rule 4. *Parissi v. Telechron*, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955); *United States v. Solly*, 545 F.2d 874, 876 (CA3 1976); *Da'Ville v. Wise*, 470 F.2d 1364, 1365 (CA5 1973), *cert. denied*, 414 U.S. 818, 94 S.Ct. 40, 38 L.Ed.2d 50. We hold that appellant satisfied the 30-day requirement for filing the notice of appeal.[1] Consequently, we proceed to the merits.

## III.

The district court dismissed appellant's action against the judge appellees on the basis of judicial immunity. Appellant maintains that the doctrine of judicial immunity, being of common law stature, has been superseded by the Civil Rights Act. That argument was specifically rejected by *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978), and *Pierson v. Ray*, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967).

Appellant contends alternatively that a judge who violates a litigant's legal rights is not acting in his or her judicial capacity. *Stump* and *Pierson* similarly dispose of that argument. The district court correctly dismissed the claims against the judge appellees.

---

26(a). Here, the 30th day was Saturday, June 11, 1977. The receipt of the notice of appeal on Monday, June 13, 1977, was, therefore, timely.

### IV.

With respect to the remaining appellees, appellant raises several arguments that must be examined.

#### A. The § 1983 Claim.

■ Under 42 U.S.C. § 1983, the appellant must show that the appellee, acting under color of state law, deprived the appellant of rights secured by the Constitution or other federal laws. The district court ruled that the appellant had failed to allege action under color of law by the nonjudge appellees.[2]

We need not and do not determine whether the appellees acted under color of state law, however, for we have concluded that the district court's dismissal of appellant's § 1983 claim should be affirmed on the clearer ground that appellant simply did not allege any facts showing the deprivation of any constitutional or other legal rights. Appellant's dissatisfaction with the property settlement reached in her prior divorce proceedings, and her conclusory allegations that the appellees had conspired to prevent her from effectively prosecuting her divorce case, are insufficient to support a § 1983 claim. *Finley v. Rittenhouse*, 416 F.2d 1186 (CA9 1969). For reasons provided in part V of this opinion, appellant's allegations that she was denied counsel in her divorce appeal similarly fail to constitute the deprivation of constitutional or other legal rights. Even when appellant's *pro se* complaint is construed liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it fails to state a claim upon which relief can be granted.

#### B. The § 1985(3) Claim.

■ When two or more persons conspire to deny any person equal protection, the injured party may have an action for damages under 42 U.S.C. § 1985(3). That statute has been construed to require a racially or otherwise "invidiously discriminatory animus" behind the conspirator's action. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Briley v. California*, 564 F.2d 849, 859 (CA9 1977); *Dunn v. Gazzola*, 216 F.2d 709 (CA1 1954). Because appellant failed to allege any facts showing such invidiousness, the district court was similarly correct in dismissing the § 1985(3) claim. *Cf. Finley v. Rittenhouse*, 416 F.2d 1186 (CA9 1969) (conclusory allegations of due process denials insufficient to support § 1983 claim).

#### C. The Claims Under §§ 241 and 242.

■ Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability. *Agnew v. City of Compton*, 239 F.2d 226, 230 (CA9 1956), *cert. denied* 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957), *overruled on other grounds, Cohen v. Norris*, 300 F.2d 24, 29–30 (CA9 1962).

#### D. Default.

■ Appellant additionally argues that the district court violated F.R.Civ.P. 55(b) in refusing to enter a default judgment against appellees Smith and Aldabe, who failed to file answers within the 20-day period proscribed by F.R.Civ.P. 12(a). The court denied appellant's motion for entry of a default judgment and instead dismissed the claims against appellees Smith and Aldabe on its own motion.

The district court's decision whether to enter a default judgment is a discretionary one. *See, e. g., Duling v. Markun*, 231 F.2d 833 (CA7 1956), *cert. denied* 352 U.S. 870, 77 S.Ct. 96, 1 L.Ed.2d 76; *Georgia Power Project v. Georgia Power Co.*, 409 F.Supp. 332, 336–37 (N.D.Ga.1975); *Ciccarello v. Joseph Schlitz Brewing Co.*, 1 F.R.D. 491, 493–94 (S.D.W.Va.1940). Given the lack of merit in appellant's substantive claims, we can-

---

**2.** The district court relied on the derivative immunity doctrine announced in *Sykes v. California*, 497 F.2d 197, 202 (CA9 1974), *overruled on other grounds, Life Insurance Co. of North America v. Reichardt*, 591 F.2d 499, 503 n. 7 (CA9 1979); *Haldane v. Chagnon*, 345 F.2d 601, 604–05 (CA9 1965). But *cf. Briley v. California*, 564 F.2d 849, 858 n. 10 (CA9 1977) (status of derivative immunity unclear in this circuit). *See also Sparks v. Duval County Ranch Co., Inc.*, 604 F.2d 976 (CA5 1979) (in banc) (abolishing derivative immunity in Fifth Circuit).

not say that the district court abused its discretion in declining to enter a default judgment in favor of appellant.

### E. Rule 12(b)(6).

Appellant's next argument is based on F.R.Civ.P. 12(b). That rule provides in pertinent part that a motion making any of several designated defenses "shall be made before pleading if a further pleading is permitted." One such defense, Rule 12(b)(6), is failure to state a claim upon which relief can be granted. Four of the appellees[3] filed answers asserting failure to state a claim upon which relief can be granted, and *subsequently* filed motions to dismiss based on the same ground. Appellant argues that the mandatory wording of Rule 12(b)(6) should have precluded the motions of those four appellees.

There are several possible interpretations of Rule 12(b)(6) on this question. At least four cases have construed the provision as an absolute bar to a motion brought after an answer is filed and making any of the enumerated defenses. *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (CA3 1944), *cert. denied* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573; *Broadcast Employees v. International Brotherhood of Teamsters*, 419 F.Supp. 263 (E.D.Pa.1976); *Vassardakis v. Parish*, 36 F.Supp. 1002 (S.D.N.Y.1941); *Kadylak v. O'Brien*, 32 F.Supp. 281 (W.D.Pa.1940). Two of those cases, however, *Broadcast Employees* and *Kadylak*, held that if a motion to dismiss for failure to state a claim is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings pursuant to F.R.Civ.P. 12(c). In addition, at least two other cases have simply held that this provision of Rule 12(b) is not mandatory. *Majerus v. Walk*, 275 F.Supp. 952 (D.Minn.1967) (defense of lack of jurisdiction over the parties); *Equitable Life Assurance Society of the United States v. Saftlas*, 35 F.Supp. 62 (E.D.Pa. 1940).

We believe the best approach is that of *Broadcast Employees* and *Kadylak*, treating the motion to dismiss as a motion for judgment on the pleadings. Rule 12(h)(2) specifically authorizes use of the latter motion to raise the defense of failure to state a claim. Because it is only after the pleadings are closed that the motion for judgment on the pleadings is authorized (Rule 12(c)), Rule 12(h)(2) should be read as allowing a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed. Under that interpretation, Rules 12(c) and 12(h)(2) together constitute a qualification of Rule 12(b)(6). The case for adopting such a position is further strengthened where, as here, each of the answers included the defense of failure to state a claim. The motions to dismiss were not based on new arguments for which appellant could claim to have been unprepared. We conclude that the district court properly considered the appellees' motion.

### V.

Appellant argues finally that the district court erred in refusing to provide counsel at government expense. She cites no authority supporting the existence of a constitutional right to counsel in such a situation. The only conceivable authority creating a statutory right would be 28 U.S.C. § 1915(d), which confers on the court the discretion to appoint counsel to represent an indigent civil litigant. As the district court held, however, this court has limited the exercise of that power to exceptional circumstances. *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 794 (CA9 1965). Other circuits are in accord. *See, e. g., Cook v. Bounds*, 518 F.2d 779, 780 (CA4 1975); *Ehrlich v. Van Epps*, 428 F.2d 363, 364 (CA7 1970). The district court found no exceptional circumstances warranting invocation of § 1915(d), and we agree.

### VI.

In light of the above conclusions, it is unnecessary to consider appellant's remaining contentions.

---

3. The four were appellees Gabrielli, Thompson, Bowen and Streeter.

The decision of the district court, dismissing the action with prejudice on the ground that the complaint failed to state a claim upon which relief can be granted, is AFFIRMED.