953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen R. HADLEY, Plaintiff-Appellant,
v.
Merle OLSEN dba M & O Nursery, aka Sellkirk Shadows; Lake
Brokerage, Inc.; Lonnie Ekstrom and Jane Doe
Olsen; Bill Bayert; Randy Andrews;
Boundary County, Defendants-Appellees.
 No. 90-35268.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen R. Hadley appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. Hadley's amended complaint alleged violation of his fourteenth amendment rights and numerous state law tort claims. The district court dismissed some of Hadley's claims for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), dismissed his pendent state claims without prejudice, and granted summary judgment for defendants on Hadley's remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 This action arises out of a dispute over a trucking delivery contract. Hadley, an independent trucker, was instructed by Randy Andrews, representative of Lake Brokerage, Inc., to deliver a truck load of nursery stock to Merle Olsen. Upon his arrival, the truck was unloaded and loaded with new stock. A dispute over payment arose. Olsen contacted deputy sheriff Lonnie Ekstrom, who informed Hadley that he was free to leave with the new load of stock. Olsen learned that Hadley was planning to sell the stock and convert the proceeds to his own use. Prosecuting attorney Bill Bayert then prepared a criminal complaint based on information from Olsen and Ekstrom. A magistrate found that probable cause existed, a warrant was issued, and Hadley was arrested on a charge of grand theft. The charge was eventually dropped, and Hadley brought this action alleging violation of his civil rights and numerous state law torts based on his allegedly wrongful arrest.
 
 
 4
 * Boundary County
 
 
 5
 The district court dismissed the section 1983 claim against Boundary County for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Under Monell v. Department of Social Serv. of New York, 436 U.S. 658, 694 (1978), local governments may be sued under section 1983 only for constitutional violations that are the result of official policy. In his amended complaint, Hadley alleged that he was wrongfully arrested as a result of a negligent criminal investigation. These allegations fail to state a claim against Boundary County. See id. Thus, the district court correctly dismissed the claims against Boundary County.
 
 II
 Bayert
 
 6
 The district court granted summary judgment for prosecuting attorney Bayert on the ground of absolute immunity. It is well settled that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity attaches to prosecutorial conduct "intimately associated with the judicial phase of the criminal process." Id. at 430. If the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity, absolute immunity attaches. Schlegel v. Bebout, 841 F.2d 937, 942 (9th Cir.1988). Investigative functions carried out in preparation of a prosecutor's case similarly enjoy absolute immunity. Id. at 943.
 
 
 7
 Here, Bayert gathered information from witnesses, prepared a criminal complaint, and presented it to an impartial magistrate for a determination as to probable cause. These activities were within his authority as prosecutor and were quasi-judicial in nature. See id. Thus, the district court correctly found that Bayert was absolutely immune from suit under section 1983.
 
 III
 Ekstrom
 
 8
 The district court granted summary judgment for Ekstrom on the basis of qualified immunity. Government officials performing discretionary functions are entitled to qualified immunity unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The relevant inquiry is whether a reasonable government official could have believed that his conduct was lawful, in light of clearly established law and the information he possessed. Anderson v. Creighton, 483 U.S. 635, 641 (1987).
 
 
 9
 Here, Ekstrom was present at the time of the initial dispute between Olsen and Hadley and, after consulting with Bayert, determined that it was a civil dispute and that Hadley was free to leave with the truckload of nursery stock. Ekstrom then learned that Hadley had not delivered the load as instructed, but had returned home with it and was planning to sell it and keep the proceeds. Ekstrom testified to these facts, and an impartial magistrate found that probable cause existed and issued a warrant for Hadley's arrest. Given these facts, a reasonable officer in Ekstrom's position could have believed that his testimony established probable cause to arrest Hadley for grand theft. See Anderson, 483 U.S. at 641; Harlow, 457 U.S. at 818. Thus, the district court correctly determined that Ekstrom's conduct did not violate clearly established law and granted summary judgment on the basis of qualified immunity. See Harlow, 457 U.S. at 818.
 
 IV
 Olsen
 
 10
 The court granted summary judgment for Olsen on the ground that Olsen was not a state actor. A private person may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights. Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989). The private party must share the common objective of the conspiracy or enter into an agreement with the state actor. Id. "The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action." Sims v. Jefferson Downs Racing Ass'n, 778 F.2d 1068, 1078-79 (9th Cir.1985). There must be some showing that the private party controlled and directed the criminal investigation and arrest. Id. at 1079. Vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy. Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir.1982); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980).
 
 
 11
 Here, Olsen reported his initial dispute with Hadley to the sheriff's department. He later testified at the probable cause hearing before the magistrate. Hadley failed to allege specific facts which supported a preconceived plan or conspiracy between Olsen and the state actors. See Taylor, 880 F.2d at 1048; Aldabe, 616 F.2d at 1092. Nor were there any specific allegations or facts in the record to show that Olsen directed or influenced the criminal investigation of the state actors. See Sims, 778 F.2d at 1079. Thus, the district court correctly granted summary judgment for Olsen.
 
 V
 Pendent State Claims
 
 12
 The district court dismissed without prejudice Hadley's pendent state claims. The exercise of pendent jurisdiction to hear state claims is within the discretion of the federal district court. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990). When federal claims are dismissed before trial, the district court may properly dismiss the pendent state claims as well. Cook, Perkiss & Liehe, 911 F.2d at 247. Thus, the district court correctly dismissed Hadley's pendant state claims.
 
 VI
 Other Claims
 
 13
 Hadley contends the district court erred by not entering default judgment against Andrews. The only claims which Hadley alleged against Andrews were state law tort claims. The district court dismissed all pendent state claims prior to the entry of Andrews's default. Thus, because there were no claims against Andrews pending before the district court, the district court did not err by not entering judgment by default against Andrews. See Fed.R.Civ.P. 55(a), (b).
 
 
 14
 Hadley also contends that it was improper for the district court to hear summary judgment motions after voir dire and jury instructions had been prepared and witness fees had been paid. Rule 56 provides that a party may move for summary judgment "at any time." Fed.R.Civ.P. 56(b). The record indicates that the summary judgment motions were properly moved, noticed, and heard. Thus, the district court correctly granted summary judgment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3