21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip A. SMITH, Plaintiff-Appellant,
v.
Tana WOOD, Superintendent, et al., Defendants-Appellees.
 No. 93-35919.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip Smith, a Washington State prisoner, appeals pro se the district court's summary judgment against him in his 42 U.S.C. Sec. 1983 action alleging that prison officials violated his due process rights during a hearing for a disciplinary infraction. We review de novo the district court's grant of summary judgment, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 On January 30, 1993, Defendant Taylor, a correctional officer, found a broken table leg in front of a cell. Defendants Wallingford and French found wood shavings on the floor of plaintiff's cell. During the search of plaintiff's cell, corrections officers discovered a broken table top wrapped in a blanket, and three broken table legs concealed in a shirt. Consequently, a "cell tag" infraction[1] was issued in which Smith, and each of his cellmates was charged with the following infractions: WAC 137-28-025 (053)--possession of contraband; WAC 137-28-030 (554)--destruction of property; WAC 137-28-030 (602) possession of a weapon; and WAC 137-28-030 (701)--commission of a general infraction in a manner likely to result in danger to life or limb or to create a risk to the orderly operation of the institution or the health and safety of its inmates, staff or visitors. Smith was given notice of a disciplinary hearing and was informed of the charges he was facing.
 
 
 4
 Smith was found guilty of all the charged infractions except destruction of state property. As a result of the infractions, Smith was given ten days segregation and five days isolation. Smith appealed the disciplinary findings on the basis of a signed letter from his cellmate, Campbell, who stated that he was guilty of all charges and requested that Smith's disciplinary findings be overturned. The defendants denied Smith's appeal on the grounds that Smith had received a fair and impartial hearing with due process.
 
 
 5
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Id. at 1045. However, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 6
 An inmate facing disciplinary charges is entitled to: written advance notice of the charges; at least twenty-four hours to prepare a defense; a written statement from the fact finders explaining the evidence relied on in its decision; and finally, an inmate may call witnesses and present documentary evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974); Walker v. Sumner, Nos. 92-15666, 92-15737, slip op. 909, 918-20 (9th Cir. January 28, 1994). The Washington Administrative Code (WAC) incorporates the Wolff requirements.
 
 
 7
 Smith contends that he was denied witnesses at the disciplinary hearing which he had requested. Here, the relevant witnesses either testified or made statements. Therefore, there was no due process violation under Wolff. See Wolff, 418 U.S. at 564-66.
 
 
 8
 Smith also contends that the district court erred by finding that there was adequate evidence to support the decision of the disciplinary board. We disagree.
 
 
 9
 The findings of a disciplinary prison board must be supported by "some evidence in the record." Superintendent v. Hill, 471 U.S. 445, 454 (1985). The record must not be so devoid of evidence that the findings of the disciplinary board are without support or are otherwise arbitrary. Id. at 457. This court, however, may not make its own assessment of the credibility of the witnesses or reweigh the evidence. Id. at 455.
 
 
 10
 Here, the district court correctly found that based on the evidence available to hearing officer Gleason, including the responses of plaintiff at the disciplinary hearing, that there was "some evidence" supporting the disciplinary board's conclusion that Smith knew that the table had been broken for the purpose of using the broken table legs as weapons.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to WAC 137-28-031, each inmate of a multiple inmate cell will be held accountable for an infraction that occurs within the confines of the cell unless he can establish a lack of involvement in the incident. This type of infraction is a "cell tag" infraction
 
 
 [2]
 Smith also argues that the district court erred by failing to appoint counsel in this case. We disagree. Appointment of counsel in civil cases is required only under exceptional circumstances. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980). The district court did not abuse its discretion in finding that Smith failed to show exceptional circumstances. See id