26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth G. DOWDELL, Plaintiff-Appellant,
v.
CITY OF RIVERSIDE; Arthur Sims, Riverside Superior Court
Clerk; Valeria Valencia, Exhibits Clerk; Neal Booth,
Supervisor; Matthew J. Marrnell; Roberts & Morgan,
Attorneys at Law Firm; S. Hays, Deputy; County of
Riverside, Defendants-Appellees.
 No. 93-55493.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth G. Dowdell appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. The district court dismissed on the alternative grounds that Dowdell's action was barred by the statute of limitations and that Dowdell's allegations simply did not support a federal claim. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We agree with the district court that Dowdell's allegations, in light of the record, do not support a federal claim for civil rights violations under section 1983, and affirm on that ground alone.
 
 
 3
 To state a claim under section 1983, a plaintiff must allege facts showing that the defendants deprived the plaintiff of a right, privilege, or immunity secured by the federal Constitution or a federal statute. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 4
 In his complaint, Dowdell alleged that defendants interfered with his state court appeal by destroying exhibits that were necessary to his prosecution of the appeal. The record shows, however, that the state appellate court dismissed Dowdell's appeal because he failed to pay the costs of preparing the record on appeal.[1] The exhibits were not destroyed until after Dowdell's appeal was dismissed. Thus, because there is no indication that defendants unconstitutionally interfered with Dowdell's appeal, the district court did not err by dismissing his claim under section 1983. See Karim-Panahi, 839 F.2d at 624.
 
 
 5
 In addition, the district court did not abuse its discretion by dismissing Dowdell's pendent state claim. See Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985) (per curiam) (stating that "[g]enerally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed").
 
 
 6
 Finally, Dowdell contends the district court erred by not entering default against the defendants. This contention lacks merit.
 
 
 7
 Rule 55(a) of the Federal Rules of Civil Procedure provides that default may be entered against a defendant when the defendant "fail[s] to plead or otherwise defend as provided by [the] rules." Fed.R.Civ.P. 55(a). Here, defendants filed timely motions to dismiss pursuant to Fed.R.Civ.P. 12(b) that were sufficient to preclude entry of default. Thus, the district court did not abuse its discretion by denying Dowdell's request for default. See Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir.1980) (per curiam).[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny Dowdell's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court properly took judicial notice of the state court orders. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992) (stating that a court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")
 
 
 [2]
 In his brief, Dowdell appears to contend that (1) the district court erred by granting defendants' ex parte request for extension of time to respond to the complaint, and (2) the court should not have considered the papers filed by defendants' attorneys because they failed to file notices of appearance. We reject these contentions as meritless