67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willard JENKINS, Sr., Plaintiff-Appellant,
v.
Togo D. WEST, Jr., Secretary of the Army, Defendant-Appellee.
 No. 95-15052.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willard Jenkins, Sr. appeals pro se the district court's summary judgment for the Secretary of the Army ("Secretary") in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq, the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(a)(1) ("ADEA"), and the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701 et seq. Jenkins contends the district court erred by: (1) finding that he failed to raise a genuine issue of material fact as to discriminatory treatment in hiring; and (2) denying Jenkins's motion for a default judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Background
 
 3
 Jenkins, an African American male, was one of six individuals interviewed in April, 1992, for a position as a computer systems analyst with the U.S. Army Corps of Engineers, at the Hydrologic Engineering Center ("Engineering Center") in Davis, California.[1] After learning that he was not selected for the systems analyst position, Jenkins filed an Equal Employment Opportunity ("EEO") complaint charging discrimination on account of his race, color, age, national origin, sex, and disabled status.[2] The EEO Officer rejected his complaint as moot on August 13, 1992, because the Engineering Center did not select any of the candidates interviewed for the systems analyst position. The Equal Employment Opportunity Commission upheld the denial of Jenkins's complaint on appeal. Jenkins filed this claim in district court on January 4, 1994.
 
 B. Disparate Treatment
 
 4
 This court reviews de novo the district court's grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). Summary judgment should be granted if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 5
 Jenkins contends that the Secretary discriminated against him when he was not hired for the systems analyst position.
 
 
 6
 To establish a prima facie case of intentional discrimination, a plaintiff has the burden of providing evidence "which give[s] rise to an inference of unlawful discrimination." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110 (9th Cir.1991). To establish an inference of discrimination, a plaintiff can show: (1) membership in a protected class; (2) that he or she applied for and was qualified for a job; (3) that an employment decision was made despite these qualifications; and (4) that the position remained open and the employer continued to consider applicants with comparable qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad, 934 F.2d at 1109 n. 7. To satisfy the McDonnell Douglas formula, a plaintiff must demonstrate "that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or the absence of a vacancy in the job sought." International Bhd. of Teamsters v. United States, 431 U.S. 324, 358 n. 44 (1977); accord Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 547 (9th Cir.1982).
 
 
 7
 Jenkins contends that he was "highly qualified" for the systems analyst position, noting that his name appeared first on the Office of Personnel Management eligibility list for computer specialists. The Secretary, however, offered evidence to show that neither Jenkins nor any of the candidates interviewed for the systems analyst position had the requisite experience or skills. One of the Engineering Center interviewers noted that Jenkins "did not have depth of knowledge or experience with" various computer languages and applications. Because Jenkins failed to provide sufficient evidence to raise an issue of fact regarding the Engineering Center's determination that Jenkins lacked appropriate qualifications for the position, Jenkins cannot meet the second or third elements of the McDonnell Douglas formula, and summary judgment for the Secretary was proper. See Teamsters, 431 U.S. at 358 n. 44.
 
 
 8
 Moreover, Jenkins's contention that the Engineering Center continued to search for applicants with his qualifications after his rejection, is without merit. The record reflects that because of insufficient qualifications, none of the candidates interviewed for the systems analyst position was selected. The Engineering Center requested the cancellation of the vacancy announcement on August 10, 1992, and posted two new computer systems analyst positions, with more specific job qualifications, on September 15, 1992.[3]
 
 
 9
 Because the Engineering Center cancelled the vacancy announcement in question, the position did not remain open, and Jenkins cannot meet the fourth requirement of the McDonnell Douglas formula. See Teamsters, 431 U.S. at 358 n. 44; Gay, 494 F.2d at 547.
 
 
 10
 Accordingly, Jenkins failed to present any evidence giving rise to an inference that the Secretary intentionally discriminated against him on the basis of race, or any other ground, and summary judgment was proper. See Sischo-Nownejad, 934 F.2d at 1110.
 
 C. Default Judgment
 
 11
 Jenkins contends on appeal that he was denied due process by the district court's refusal to grant his request for a default judgment against the Secretary for failure to file a timely answer. This contention is without merit.
 
 
 12
 We review the district court's denial of Jenkins's request for a default judgment pursuant to Fed.R.Civ.P. 55 for abuse of discretion. See Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir.1980) (per curiam). A judgment by default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.Pro. 55(a). Further, "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed.R.Civ.Pro. 55(e).
 
 
 13
 Here, the United States Marshals Service executed service upon the Secretary of the Army on March 21, 1994. The Secretary filed his answer to Jenkins's complaint on May 3, 1994. Given the Secretary's timely answer, we cannot say that the district court abused its discretion in denying Jenkins's request for a default judgment.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jenkins's request for oral argument is denied
 Jenkins's motion to file exhibits "A" and "CCC" with reply brief is granted.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The computer systems analyst position in the Engineering Center's Technical Assistance Division was issued on November 15, 1991, as vacancy announcement 91-255LM
 
 
 [2]
 Jenkins served in the United States Air Force for twenty years and sustained a service-connected disability
 
 
 [3]
 Jenkins contests the Secretary's assertion that the position was cancelled because vacancy announcement 91-255LM remained posted for at least six months after his rejection. Even viewing this assertion in the light most favorable to Jenkins, see Taylor, 880 F.2d at 1044, Jenkins has failed to offer evidence to dispute the Secretary's assertion that no one was hired for position 91-255LM, and that new, more specific, vacancy announcements were issued