**Rita M. HYMES, Plaintiff–Appellant,**

v.

**Thomas FENTON; et al., Defendants–Appellees.**

**No. 01–35250.**
**D.C. No. CV–00–00026–HRH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 24, 2001.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM **

Rita M. Hymes appeals pro se the district court's dismissal of her *Bivens* action alleging violation of her constitutional rights stemming from her arrest and detention for failing to comply with a grand jury subpoena to provide handwriting exemplars. We have jurisdiction pursuant to 28 U.S.C. § 1291. This court reviews de novo the district court's decisions on absolute immunity, *Fry v. Melaragno*, 939 F.2d 832, 835 (9th Cir.1991), and we affirm.

Because Hymes failed to allege facts sufficient to show that Magistrate Judge Fenton acted in clear absence of all jurisdiction or performed non-judicial acts, the district court did not err by determining that he was entitled to absolute judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir.1986) (en banc).

Because the arresting officers were executing a valid court order, the district court did not err by determining that defendants were entitled to absolute quasi-

judicial immunity for the actions mandated by that order. *See Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764–65 (9th Cir.1987). With respect to the claims that the officers acted improperly regarding the manner in which they executed the warrant, no facts sufficient to state a claim of a constitutional violation are alleged and dismissal was proper on that ground.

The district court did not abuse its discretion by not entering default. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir.1980) (per curiam).

Hymes' conclusory statements are insufficient to establish that District Court Judge Holland should have recuse himself. *See Taylor v. Regents of the Univ. of Calif.*, 993 F.2d 710, 712–13 (9th Cir.1993) (per curiam).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

