**Kurt WEINREICH, Plaintiff–Appellant,**

v.

**Dura LUBE, a.k.a., Dura Lube Products Corporation; et al., Defendants–Appellees.**

**No. 00–35162.**

**D.C. No. CV–99–05128–FDB.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Kurt Weinreich appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his amended complaint alleging violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violation of the Washington Uniform Trade Secrets Act ("UTSA"), and tortuous interference with business relations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under Fed.R.Civ.P. 12(b)(6), *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir.1998), and we affirm.

The district court properly dismissed Weinreich's RICO claims because his amended complaint contained only conclusory allegations and failed to attribute specific conduct to individual defendants. *See Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 541 (9th Cir.1989) (applying the particularity requirements of Fed. R.Civ.P. 9(b) to RICO claims).

The district court properly dismissed Weinreich's UTSA and tortuous interference claims as untimely because his pleadings reveal that through the exercise of diligence he should have discovered his claims in 1995 yet he did not file his initial complaint until March 9, 1999. *See McLeod v. Northwest Alloys, Inc.,* 90

---

* The panel unanimously finds this case suitable for decision without oral argument, and de-

nies Weinreich's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Wash.App. 30, 969 P.2d 1066, 1069–70 (1998) (UTSA claims governed by three-year statute of limitations); *City of Seattle v. Blume*, 134 Wash.2d 243, 947 P.2d 223, 226 (1997) (tortuous interference claim governed by three-year statute of limitations).

Because Weinreich failed to demonstrate any basis for relief from judgment, the district court did not abuse its discretion by denying his motion for reconsideration and motion to vacate judgment. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir.1993).

Furthermore, the district court did not abuse its discretion by denying Weinreich's motion for recusal, *see Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (indicating adverse rulings alone do not establish bias), or by denying his motion for default judgment, *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir.1980) (per curiam) (entering default judgment is a discretionary decision).

We deny Weinreich's request for attorney's fees, costs or expenses. *See* Fed. R.App. P. 39.

We reject Weinreich's remaining contentions.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.