**Albert M. MARK, Plaintiff—Appellant,**

v.

**Hope BAUER, Seattle Police Officer; et al., Defendants—Appellees.**

No. 08–35171.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 28, 2009.

Albert M. Mark, Bellevue, WA, pro se.

Robin Collins, Esquire, Seattle City Attorney's Office, Seattle, WA, for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Albert M. Mark appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that Seattle police officer Hope Bauer offered false testimony in connection with Mark's 2001 criminal conviction for using the sidewalk in front of his business without a permit, in violation of his Fourteenth Amendment rights to due process and equal protection. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Aguilera v. Baca,* 510 F.3d 1161, 1167 (9th Cir.2007). We review for an abuse of discretion an order setting aside the entry of default, *O'Connor v. Nevada,* 27 F.3d 357, 364 (9th Cir.1994), a refusal to enter a default judgment, *Aldabe v. Aldabe,* 616 F.2d 1089, 1092–93 (9th Cir.1980) (per curiam), and a denial of a Rule 59(e) motion, *McQuillion v. Duncan,* 342 F.3d 1012, 1014 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment because, even assuming that Mark's cause of action accrued on October 24, 2004, he failed to file this action within three years. *See RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058 (9th Cir.2002) (noting that the statute of limitations for § 1983 claims under Washington law is three years).

The district court did not abuse its discretion by refusing to consider Mark's argument that his claims were timely under § 4.96.020(4) of the Revised Code of Washington because "[a] Rule 59(e) motion may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir.2003).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion by denying Mark's motion for default judgment because there was good cause for setting aside the default since Mark was not prejudiced, defendants raised meritorious defenses, and Mark failed to show "a devious, deliberate, willful, or bad faith failure to respond." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir.2001).

Mark's remaining contentions are unpersuasive.

**AFFIRMED.**

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.