FILED

**NOT FOR PUBLICATION**

JAN 25 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN GABOR; KAY GABOR, | No. 08-16239 |
| Plaintiffs - Appellants, | D.C. No. 5:07-cv-04266-RMW |
| v. | |
| COUNTY OF SANTA CLARA BOARD OF SUPERVISORS, in their official capacity; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted January 11, 2010**

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

John Gabor and Kay Gabor appeal pro se from the district court's order

dismissing their complaint brought under various federal and state laws, alleging

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that an official of the City of Campbell came to their house to look for potential zoning violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bermudez v. Duenas*, 936 F.2d 1064, 1065 (9th Cir. 1991) (per curiam), and we affirm.

The district court properly dismissed the action because the Gabors did not allege facts in the complaint that, taken as true and construed in a light most favorable to them, show any entitlement to relief. *See id.* at 1066 ("To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution or federal law . . . ."); *Johnson v. State of California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam) (stating that a conspiracy claim based only on vague and conclusory allegations is properly dismissed).

The district court did not abuse its discretion by declining to enter default against the defendants. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (per curiam) ("Given the lack of merit in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant.").

The district court did not abuse its discretion by denying the recusal motion because no "reasonable person with knowledge of all the facts would conclude that

the [district] judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam) (internal quotation marks and citations omitted).

Because we affirm the district court's order dismissing the action, the appeal from the orders denying preliminary injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992).

The Gabors' remaining contentions are unpersuasive.

We deny the petition for writ of mandamus. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977) (discussing five guidelines to determine whether the "extraordinary" remedy of mandamus is warranted).

**AFFIRMED.**