**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY WAYNE BURY, | No. 09-15543 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00600-LJO-GSA |
| v. | |
| A. BRADISH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Larry Wayne Bury, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment), and we affirm.

The district court properly granted summary judgment to defendant Roscoe because Bury failed to raise a genuine issue of material fact as to whether Roscoe failed to provide him with his prescribed pain medication. *See Toguchi*, 391 F.3d at 1057 ("A prison official acts with deliberate indifference only if the [official] knows of and disregards an excessive risk to inmate health and safety.") (internal quotation marks and citation omitted).

The district court did not abuse its discretion by granting defendant Roscoe's motion to set aside the entry of default because the record supports the district court's conclusions that Roscoe's motion was timely, Roscoe had potentially meritorious defenses, and setting aside the entry of default would not prejudice Bury. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (setting forth standard of review, discussing relevant factors, and stating that the district court's "discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment" (internal quotation marks and citation omitted)). Accordingly, the district court also did not abuse its discretion by denying Bury's motion for default judgment against Roscoe. *See Aldabe v.*

*Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (per curiam) (reviewing for an abuse of discretion the denial of a motion for default judgment).

The district court did not abuse its discretion by denying Bury's motions for default judgment against defendant Bradish because Bury failed to submit evidence supporting his damages claim, despite being ordered to do so. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) ("Rule 55 [of the Federal Rules of Civil Procedure] gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.").

Bury's remaining contentions are unpersuasive.

**AFFIRMED.**