**NOT FOR PUBLICATION**

JUN 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ILLA L. GARCIA and MARY A. JASSO, | No. 09-15916 |
| Plaintiffs - Appellants, | D.C. No. 2:07-cv-02770-GEB-EFB |
| v. | |
| CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 25, 2010**

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Illa L. Garcia and Mary A. Jasso appeal pro se from the district court's

judgment dismissing their action claiming that defendants, California state

agencies and officials, violated their civil rights, various federal statutes and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

regulations, and California common law by permitting their exposure to harmful levels of electromagnetic radiation at their workplace and then engaging in a cover-up. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007). We may affirm on any grounds supported by the record. *ACLU of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003). We affirm.

The district court properly dismissed the claims against the state agencies and individual defendants acting in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a state agency, state and state officials acting in their official capacities are not persons susceptible of suit under § 1983).

The district court properly dismissed the first and second causes of action against the individual defendants acting in their personal capacities because a California state court previously reached a final adjudication on the merits of those causes of action in *Garcia v. Dep't of Forestry and Fire Protection*, Nos. C053667, C053793, 2007 WL 1520069 (Cal. App. May 25, 2007). *See Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007) (under California law, "[r]es judicata . . . prevents litigation of all grounds for . . . recovery that were

previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding") (citations and internal quotation marks omitted).

The district court properly dismissed the third cause of action against the individual defendants acting in their personal capacities. Plaintiffs failed to allege facts that would establish the deprivation of any constitutional rights. *See Woodrum v. Woodward County, Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (failure to allege any actual deprivation of constitutional rights, and conclusory allegations of conspiracy, do not give rise to liability under § 1983); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (holding that § 1985 conspiracy claim was properly dismissed because plaintiff had failed to allege facts establishing invidious discrimination). Moreover, the criminal statutes and federal regulation plaintiffs cite do not confer a private right of action. *See Aldabe*, 616 F.2d at 1092 (no civil liability obtains under 18 U.S.C. §§ 241 or 242). Finally, the claims under regulations promulgated by the Federal Communications Commission, as well as the claims of fraudulent concealment of allegedly excessive radiation levels, were litigated and decided in plaintiffs' earlier state court action. *See Jasso v. Cal. Dep't of Forestry*, Superior Court of California, County of Lassen No. 41697; *see also First Nat'l Bank v. Russell (In re Russell)*,

76 F.3d 242, 244-45 (9th Cir. 1996) (describing the elements of collateral estoppel under California law to be: (1) the issue decided in the earlier case is identical to the issue presented, (2) the earlier case culminated in a final judgment on the merits, and (3) the party against whom estoppel is asserted was a party to, or was in privity with a party to, the earlier case).

Plaintiffs' remaining contentions are unpersuasive.

**AFFIRMED.**