**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SERGIO ALVAREZ,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>FRANCISCO JACQUEZ and T. DENNIS,<br><br>              Defendants - Appellees,<br><br>   and<br><br>ROBERT HOREL and RICHARD KIRKLAND,<br><br>              Defendants. | No. 09-17516<br><br>D.C. No. 4:06-cv-05631-SBA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted February 15, 2011**

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sergio Alvarez, a California state prisoner, appeals pro se from the district court's judgments dismissing his 42 U.S.C. § 1983 action alleging denial of access to the courts and due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001) (dismissal for failure to state a claim); *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995) (judgment on the pleadings). We affirm.

The district court properly granted defendants' motion for judgment on the pleadings on Alvarez's denial of access to the courts claim because Alvarez failed to allege that he suffered actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (defining actual injury as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim" (citation and internal quotation marks omitted)).

The district court properly dismissed Alvarez's due process claim because defendants' failure to remove erroneous information from Alvarez's file did not "impose[] atypical and significant hardship on [Alvarez] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The district court did not abuse its discretion by denying Alvarez's motion to file an amended complaint because amendment would have been futile. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

The district court did not abuse its discretion by denying Alvarez's request for appointment of counsel because he failed to show exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).

Alvarez's remaining contentions are unpersuasive.

**AFFIRMED.**