**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH TRIBBLE, | No. 09-17810 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00216-ECR-VPC |
| v. | |
| JIM GIBBONS, Governor; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Joseph Tribble, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the conditions of his parole hearing violated his Eighth and Fourteenth Amendment rights and the Ex Post Facto Clause of the U.S. Constitution. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir. 2001) (dismissal for failure to state a claim); *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995) (judgment on the pleadings).  We affirm.

The district court properly dismissed Tribble's Eighth Amendment claim because the procedures used at his parole hearing do not offend "contemporary standards of decency."  *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

The district court properly dismissed Tribble's Fourteenth Amendment due process claim because Nevada law does not create a liberty interest in parole.  *See Moor v. Palmer*, 603 F.3d 658, 662 (9th Cir. 2010); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (prisoner may challenge procedures used in parole hearing under section 1983, provided he does not seek "immediate or speedier release").

The district court properly dismissed Tribble's Ex Post Facto claim because he did not allege retroactive application of a law that significantly risked increasing his punishment.  *See id.* at 663 (in the parole context, the ex post facto inquiry focuses on whether the amended rule creates a significant risk of prolonging a prisoner's incarceration).

The district court did not abuse its discretion by denying Tribble's request for appointment of counsel because he failed to show exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).

Tribble's remaining contentions are unpersuasive.

**AFFIRMED.**