**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE FORRESTER,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>MOHAMAD A. RESHAD, D.D.S.;<br>ARTLAB DENTISTRY, Dental Office of<br>Dr. Reshad, a California Corporation; TED<br>CONLEY,<br><br>      Defendants - Appellees. | No. 24-7730<br><br>D.C. No. 2:24-cv-00373-MWF-<br>MAR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 16, 2026[**]

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Christine Forrester appeals pro se from the district court's judgment

dismissing her civil action alleging federal and state law claims arising from her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dental treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Forrester's federal claims because Forrester failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-59 (9th Cir. 2010) (setting forth elements of a civil Racketeering Influenced and Corrupt Organizations Act ("RICO") claim and explaining that to plead a RICO conspiracy claim, the plaintiff must first adequately plead a substantive RICO violation); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of claims brought under criminal provisions that provided no basis for civil remedy).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Forrester's state law claims because Forrester failed to state a federal claim. *See Dyack v. Northern Mariana Islands*, 317 F.3d 1030, 1037-38 (9th Cir. 2003) (setting forth standard of review and explaining that the district court may decline to exercise supplemental jurisdiction over state law

2                                                                 24-7730

claims where it "has dismissed all claims over which it has original jurisdiction" (citing 28 U.S.C. § 1367(c)(3)).

The district court did not abuse its discretion by dismissing Forrester's complaint without leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**