81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John WILLS, Plaintiff-Appellant,
v.
Dean HARDY, an individual, Defendant,
and
John Moran, individual, Defendant-Appellee.
 No. 95-15913.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Wills appeals pro se the district court's (1) dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1983 action against his former attorney Dean Hardy, and (2) grant of summary judgment in favor of Clark County Sheriff John Moran. In his complaint, Wills asserted that his right to due process was violated when the sheriff's department improperly executed a state court judgment against Wills by serving it upon Wills's bank. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 495 U.S. 937 (1990), and affirm.
 
 
 3
 The district court properly dismissed Wills's complaint against his former attorney Hardy because the complaint failed sufficiently to allege that Hardy either acted as a state actor, see Polk County v. Dodson, 454 U.S. 312, 319 n. 9, 325 (1981) (noting that a private attorney performing a lawyer's traditional function cannot be considered to act under color of state law), or that he engaged in a conspiracy with state actors to violate Wills's constitutional rights, see Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (holding that vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam).
 
 
 4
 The district court properly granted summary judgment in favor of defendant Moran because the undisputed evidence indicates that Moran was not personally involved in executing the state court judgment.[1] See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that liability under section 1983 must be based on the personal involvement of the defendant and not on the doctrine of respondeat superior); Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir.1993).[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wills did not oppose Moran's summary judgment motion
 
 
 [2]
 Given the circumstances, the district court did not err by dismissing Wills's complaint without leave to amend because amendment in this case would have been futile. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)