Vernon Wesley DILLABAUGH, Plaintiff–Appellant,

Mary Jane King, Deceased, Divorced Ex–Wife of Vern Dillabaugh; et al., Plaintiffs,

v.

COUNTY OF THURSTON; et al., Defendants–Appellees.

No. 99–35916.

D.C. No. CV–99–05397–FDB(MON).

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Vernon Wesley Dillabaugh appeals pro se the district court's 28 U.S.C. § 1915(e)(2) dismissal of his action seeking redress under 42 U.S.C. § 1983 and 18 U.S.C. § 242 for the denial of justice for children in Thurston County, and alleging false arrest and malicious prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals pursuant to 28 U.S.C. § 1915(e)(2). *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), *cert. denied,* 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999). We affirm.

Dillabaugh's allegations regarding the denial of constitutional rights to children fail to state a claim under 42 U.S.C. § 1983 because he lacks standing, as he is unable to show that he suffered any deprivation of rights secured by the Constitution or federal statutes. *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir.1988).

Dillabaugh's allegations relating to 18 U.S.C. § 242 fail to state a claim because 18 U.S.C. § 242 does not provide a basis for civil liability. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam).

Dillabaugh's claims of false arrest and malicious prosecution would "necessarily imply the invalidity of his conviction or sentence." *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because Dillabaugh has not proven "that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus," *Heck,* 512 U.S. at 486–87, the district court did not err in dismissing his action.

The district court did not abuse its discretion when it denied Dillabaugh's motion for appointment of counsel under 28 U.S.C. § 1915. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (reviewing for abuse of discretion the denial of a motion for appointment of counsel).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.