Rickey J. **MAYLENDER,**
Plaintiff–Appellant,

v.

**PRISON HEALTH SERVICES, INC;**
et al., Defendants–Appellees.

No. 02–35338.
D.C. No. CV–00–01010–AA.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 21, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM **

Federal prisoner Rickey J. Maylender appeals pro se the district court's partial dismissal and partial summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional violations occurred while he was an inmate at Washington County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.

■ The district court properly granted summary judgment on Maylender's claim that he was improperly classified as "8–

Max" because a prisoner does not have a constitutional right to a particular security classification. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

■ The district court properly granted summary judgment on his claims involving restrictions on opportunities to shower, engage in outdoor exercise, attend group services and use a pay phone in administrative segregation, because Maylender failed to rebut the prison's legitimate penological reason for its actions based on Maylender's history of attempted escape, *see Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and Maylender failed to present sufficient evidence that he was deprived of the minimal civilized measures of life's necessities, *see Rhodes v. Chapman,* 452 U.S. 337, 347–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The district court also properly granted summary judgment on Maylender's retaliation claim because he failed to rebut the prison's legitimate penological reason for its actions. *See Turner,* 482 U.S. at 89–91, 107 S.Ct. 2254.

■ The district court also properly granted summary judgment on Maylender's access to courts claims because he failed to show that he suffered any actual injury as a result of prison officials' alleged interference with prison mail, restrictions on library use and restrictions on making telephone calls. *See Sands v. Lewis,* 886 F.2d 1166, 1170–71 (9th Cir.1989) (requiring prisoners to allege an actual injury).

With respect to Maylender's deliberate indifference to serious medical needs claims, summary judgment was proper because, at most, Maylender showed a difference of opinion over the proper course of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

treatment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (difference of opinion regarding proper medical treatment is not deliberate indifference); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990) (negligence is not deliberate indifference).

To the extent Maylender alleges that Washington County Sheriff's Deputies' attendance at his sentencing hearing violated his due process rights, the district court properly dismissed this claim because Maylender has not invalidated his conviction or sentence on direct appeal, or by grant of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Furthermore, the district court properly granted summary judgment on Maylender's property loss claim because he has an adequate state remedy under the Oregon Tort Claims Act. *See Hudson v. Palmer*, 468 U.S. 517, 527–28, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

The district court properly dismissed Maylender's claims against the individually named Prison Health Service defendants because he can prove no set of facts in support of his claims which would entitle him to relief. *See Steckman v. Hart*, 143 F.3d 1293, 1295 (9th Cir.1998).

The district court did not abuse its discretion by denying Maylender's request for appointment of counsel because he failed to show exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980) (per curiam).

AFFIRMED.