**Kenneth B. QUANSAH, Jr.,**
**Plaintiff—Appellant,**

v.

**STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPT.;**
**et al., Defendants—Appellees.**

No. 03–15918.

D.C. No. CV–02–02862–RS.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

Kenneth B. Quansah, Jr., pro se, San Jose, CA, for Plaintiff–Appellant.

Fred Duscha, San Jose, CA, Christopher J. Keller, Esq., John F. Baum, Curiale, Dellaverson, Hirschfeld, Kelly & Kraemer, San Francisco, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellee Sanmina–SCI Corporation's request for oral argument is denied.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM***

Kenneth B. Quansah appeals pro se the district court's judgment dismissing his action alleging that Sanmina Corporation ("Sanmina"), and the State of California, Departments of Employment Development and Industrial Relations, and various California officials ("state defendants"), violated his civil rights by denying him unemployment benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion a district court's decision to deny default judgment under Fed.R.Civ.P. 55. *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir.1986). We affirm.

Quansah's sole contention on appeal is that the district court erred by denying his motion for default judgment because defendants did not answer or respond within twenty days of receiving his complaint. Sanmina waived service of the complaint, however, so it had sixty days to respond, *see* Fed.R.Civ.P. 12(a)(1)(B), and the record reflects that Sanmina filed a motion to dismiss within that sixty day period. The record also reflects that the state defendants were not properly served with the summons and complaint, and therefore, could not be held in default. *See* Fed. R.Civ.P. 4; *Direct Mail Specialists Inc. v. Eclat Computerized Tech.,* 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P. 4."). Therefore, the district court did not abuse its discretion by denying Quansah's motion for default judgment. *See Aldabe v. Al-*

*dabe,* 616 F.2d 1089, 1092–93 (9th Cir.1980) (per curiam).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

