**NOT FOR PUBLICATION**

JUL 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ARTHUR BATTLE, Jr., | No. 11-35327 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00818-RAJ |
| v. | |
| TRAVEL LODGE MOTEL, John Doe; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 17, 2012[**]

Before:      SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

James Arthur Battle, Jr., appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging defendants violated his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional rights during the period after his arrest and before his incarceration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Battle's equal protection claims because Battle failed to raise a genuine dispute of material fact as to whether defendants intentionally discriminated against him based upon his membership in a protected class. *See* Fed. R. Civ. P. 56(a); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).

The district court properly granted summary judgment as to Battle's due process claims because Battle failed to raise a genuine dispute of material fact as to whether defendants' conduct "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 845-49 (1998).

The district court properly granted summary judgment as to Battle's conspiracy claims because Battle failed to identify anyone with whom the "defendant conspired, how they conspired, and how the conspiracy led to a deprivation of [his] constitutional rights." *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997); *see also Caldeira v. County of Kauai*, 866 F.2d 1175, 1181-82 (9th Cir. 1989) ("absence of a section 1983 deprivation of rights precludes a section 1985 claim predicated on the same allegations").

The district court also properly granted summary judgment as to Battle's claims under 18 U.S.C. §§ 241–42 because these criminal statutes do not provide a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir 1980) (per curiam).

We do not consider matters not specifically raised and argued in the opening brief, or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Battle's remaining contentions, including those concerning evidentiary issues, are unpersuasive.

**AFFIRMED.**