**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD EARL LEGARDY, | No. 12-15893 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00676-KJD-PAL |
| v. | |
| I. CEBALLOS, Law Librarian, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kent J. Dawson, District Judge, Presiding

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

California state prisoner Ronald Earl Legardy appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging claims arising out

of the disclosure of information in his confidential legal materials. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

district court's rulings regarding both an evidentiary hearing, *Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir. 2006), and default judgment, *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). We affirm.

The district court did not abuse its discretion in denying Legardy's motion for an evidentiary hearing because Legardy had an opportunity to submit written evidence and there were no factual issues warranting a hearing. *See* Fed. R. Civ. P. 55(b)(2) (court "may" conduct hearings to establish the truth of any allegation by evidence before entering default judgment); *Kashin*, 457 F.3d at 1043 ("While the district court has the discretion to hold an evidentiary hearing, it 'should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact.'" (citation omitted)).

The district court did not abuse its discretion in denying Legardy's motion for default judgment because Legardy failed to establish the merits of his § 1983 claim. *See Eitel*, 782 F.2d at 1471-72 (setting forth factors for entry of default judgment and noting the strong policy in favor of deciding cases on their merits); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (affirming denial of default judgment based on "the lack of merit in" plaintiff's § 1983 claims).

The district court did not abuse its discretion in denying Legardy's motion to alter or amend judgment because Legardy failed to establish grounds for such

relief.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth standard of review and discussing grounds for reconsideration under Fed. R. Civ. P. 59(e)).

   **AFFIRMED.**