NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 9 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN PEARSON, | No. 16-56837 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01079-CAS-AJW |
| v. | |
| NATIONSTAR MORTGAGE, LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Martin Pearson appeals pro se from the district court's order dismissing his

action alleging federal and state law claims related to the foreclosure of his

property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal on the basis of res judicata.  *Manufactured Home Cmtys. Inc. v. City of*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Pearson's action as barred by the doctrine of res judicata because his claims were raised, or could have been raised, in a prior state court action that resulted in a final judgment. *See Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148-49 (9th Cir. 2010) (setting forth elements of res judicata under California law); *see also Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citations and internal quotation marks omitted)); *City of Martinez v. Texaco Trading & Transp. Inc.*, 353 F.3d 758, 764 (9th Cir. 2003) (privity applies under California law "if a party's interests are so similar to another party's interests that the latter was the former's virtual representative in the earlier action." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Pearson's action without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court can dismiss without leave to amend where amendment would be futile).

16-56837

The district court did not abuse its discretion in denying Pearson's motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for entry of default judgment, and noting the strong policy in favor of deciding cases on their merits); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (affirming denial of default judgment based on "the lack of merit in" plaintiff's underlying claims).

**AFFIRMED.**

16-56837