NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRODERICK J. WARFIELD, | No. 20-17176 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00853-KJM-AC |
| v. | |
| UNITED STATES AIR FORCE, 60th Security Forces, Travis Air Force Base, CA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Broderick J. Warfield appeals pro se from the district court's judgment

dismissing his employment discrimination action. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (failure to comply with notice pleading requirements of Federal Rule of Civil Procedure 8). We affirm.

The district court properly dismissed Warfield's action because, despite two opportunities to amend, Warfield failed to allege clearly the bases for his claims and failed to allege facts sufficient to state a plausible claim. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that Rule 8 requires the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original, citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal statutes do not give rise to civil liability).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th

Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Warfield's motion for appointment of counsel (Docket Entry No. 4) and motion to unseal documents (Docket Entry No. 6) are denied.

**AFFIRMED.**

20-17176