**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH E. JARVIS; HUIQIN DU, | No. 25-3987 |
| Plaintiffs - Appellants, | D.C. No. 3:25-cv-08077-MTL--ESW |
| v. | MEMORANDUM[*] |
| COUNTY OF MOHAVE; STATE OF ARIZONA; ATTORNEY GENERAL OF THE STATE OF ARIZONA; MOHAVE COUNTY SHERIFF'S DEPARTMENT; MOHAVE COUNTY ADULT DETENTION FACILITY; DOUGLAS SCHUSTER, Mohave County Sheriff; WAYNE FARRIS, Detective; JOSE CARDENAS, Deputy; BRENDON TATRO, Deputy; NASIA SHRADER, Deputy; DAVID COFFIN, Lieutenant; DUSTIN FIELDS, Deputy; DEVIN GODFREY, Deputy; PATRICK RIDER, Deputy; MATTHEW SMITH, Mohave County Attorney; JOHN TORRES, Jr., Mohave Deputy County Attorney; JULIA KETCHUM, Mohave Deputy County Attorney; JEFFREY HAWS, Mohave Deputy County Attorney; DAVID WAYT, Justice of the Peace; DAVE HUERTA, Justice of the Peace; ROBERT VOLLBRACHT, Mohave County Adult Detention Center Captain; KEVIN | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

NOWICKI, Justice of the Peace; Honorable MICHAEL T. LIBURDI, District Judge, United States District Judge; UNKNOWN PARTIES, Whomever results responsible,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 22, 2026[**]

Before:      LEE, DESAI, and JOHNSTONE, Circuit Judges.

Joseph E. Jarvis and Huiqin Du appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging civil rights violations. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal for failure to comply with a court order. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing plaintiffs' action because, after the court correctly identified deficiencies in the original complaint and provided an opportunity to amend, plaintiffs' supplemental filings did not comply with the court's order. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing the five factors for determining whether to dismiss

_____

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order); *McHenry*, 84 F.3d at 1177 (affirming dismissal of plaintiff's complaint because it failed to set forth the simple, concise, and direct averments required by Federal Rule of Civil Procedure 8). Plaintiffs have not identified any error in the district court's imposition of a 50-page limit on their amended filing. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules.").

The district court did not abuse its discretion by denying as moot plaintiffs' motion for default judgment. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (setting forth standard of review and affirming denial of a motion for default judgment where the substantive claims lacked merit).

The district court did not abuse its discretion by denying plaintiffs' request to disqualify Judge Liburdi because plaintiffs failed to demonstrate any ground for disqualification. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and defining the standard for recusal under 28 U.S.C. §§ 144 and 455 as whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned).

We reject as unsupported by the record plaintiffs' contention that their case was subjected to screening under 28 U.S.C. §§ 1915 or 1915A. We reject as

meritless plaintiffs' contention that the district court's judge reassignment was unlawful.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**